UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOXIE PEST CONTROL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CAUSE NO.: _____ |
| GREGORY ROMNEY, ROMNEY | § | |
| PEST CONTROL, LLC and PHENOM | § | JURY TRIAL DEMANDED |
| PEST PROTECTION, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Moxie Pest Control, L.P. ("Moxie" or "Plaintiff") files this complaint against Defendants Gregory Romney ("Romney"), Romney Pest Control, LLC ("Romney Pest Control"), and Phenom Pest Protection, LLC ("Phenom") (collectively, "Defendants") and respectfully show:

## INTRODUCTION

1. This is a case about Defendants' theft and infringement of Moxie's copyrighted sales guide (the "Guide"), which serves as a training manual for sales persons in the pest control industry. Defendants—competitors of Moxie in Dallas and elsewhere—received a copy of the Guide from one of Moxie's former employees, who improperly retained the Guide following his employment with Moxie. Rather than returning Moxie's protected work, Defendants proceeded to reproduce, distribute, and prepare derivative works based upon Moxie's Guide. Defendants must be ordered to immediately cease reproducing the Guide, preparing any derivative works based upon the Guide, and/or distributing copies of the Guide, to return or destroy any copies of

such work, and to compensate Moxie for the significant damages caused by their theft and infringement.

## PARTIES

2. Plaintiff Moxie Pest Control, L.P. is a Texas limited partnership, with its principal place of business in Texas.

3. Defendant Gregory Romney is an individual residing in Denton County, Texas, and may be served with process at his place of residence at 2690 Seven Shields, Lewisville, Denton County, Texas 75056, or wherever he may be found.

4. Defendant Romney Pest Control, LLC is a Texas limited liability company with its principal place of business in Denton County, Texas, and may be served through its registered agent, Gregory Romney, at 2690 Seven Shields, Lewisville, Denton County, Texas 75056.

5. Defendant Phenom Pest Protection, LLC is a Texas limited liability company with its principal place of business in Denton County, Texas, and may be served through its registered agent, Gregory Romney, at 2690 Seven Shields, Lewisville, Denton County, Texas 75056.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338 because this is an action arising under the Copyright Act, 17 U.S.C. § 101 et seq.

7. This court has personal jurisdiction over Defendant Romney because he is a Texas resident. This Court has personal jurisdiction over Defendants Romney Pest Control and Phenom because they are Texas companies with their principal place of business in Texas.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## BACKGROUND

**A.     The Guide**

9.     Moxie has been involved in the pest control business for over 16 years, both in Dallas and around the nation. Moxie's business, and those of its competitors, relies heavily on door-to-door sales. Because of the highly competitive nature of the business, and the need for a nuanced, but proven, sales approach, Moxie developed the Guide, which serves as a training manual for its sales persons.

10.    Moxie has used the Guide for its pest control business in Dallas and around the nation.

11.    The Guide was registered with the United States Copyright Office on November 14, 2011. The registration complied in all respects with the provisions of the Copyright Act. The deposit, application, and fees required for registration of copyright in the Guide were delivered to the Copyright Office in the proper form and, as a result, the Guide is the subject of a copyright registration, issued by the United States Copyright Office with an effective date of November 7, 2007, identified as follows: Copyright Registration No. TXu001773079, entitled "EcoSure Pest Control Sales Guide 2009." Exhibit 1 is a true and correct copy of the Certificate of Copyright Registration. Via separate agreement, Moxie is a joint owner of the Guide and the copyright in the Guide.

**B.     Defendants' Infringement**

12.    Defendants have infringed Moxie's copyrights by reproducing, distributing, and preparing derivative works based upon the Guide.

13.    In late 2015, one of Moxie's former sales reps, who had also worked with Defendant Romney Pest Control, gave David Royce—the co-owner of the Guide—a copy of

Romney Pest Control's sales manual (the "Romney Manual") because the rep was concerned that the Romney Manual looked to contain substantially identical information to Moxie's Guide.

14. Upon receiving the Romney Manual, Moxie confirmed that the Romney Manual contained word-for-word copies of nearly all of the material contained in the Guide.

15. In fact, out of 66 total training pages in the Romney Manual, 55 are identical copies of pages from the Guide.

16. Moxie initially reached out to a former employee of the other joint owner of the Guide, to see if he had given a copy of the Guide to Romney. This employee had worked with Romney after leaving the other owner's employ. The employee denied having taken a copy of the Guide or having given a copy of the Guide to Romney, but he confirmed that Romney had a copy of the Guide and was infringing it. The former employee said that Romney had sent him (the employee) a copy of Romney's then-existing Manual. The employee said that he immediately recognized the information in the Romney Manual as having come directly from the Guide. The employee said that he informed Romney immediately that he was infringing Moxie's Guide, and wrongly passing it off as his own. Unperturbed, Romney continued to infringe upon the Guide.

17. Moxie's joint owner in the Guide confronted Romney concerning Romney's infringement.

18. Romney lied, and claimed that his company and Moxie must have "sourced" their information from the same company.

19. Romney also claimed to have received a copy of Moxie's Guide from Moxie's owner, Jason Walton ("Walton").

20. This was also a lie, because at no time did Walton ever give Romney a copy of the Guide.

21. After Romney lied about Walton giving him a copy of the Guide, Walton called Romney to inquire about the issue.

22. On this call, Romney changed his story and admitted to having received a copy of the Guide from one of Moxie's former employees—Jared Brown.

23. Brown, as Romney knew, was under a duty to maintain the confidentiality of the Guide and/or the information contained therein.

24. Although Romney did not explain why he didn't return or destroy Moxie's protected work when he received it from Brown, Romney stuck to his claim that he never directly reproduced or distributed any of the material from the Guide.

25. Of course, a simple comparison of the Romney Manual to the Guide reveals that the Romney Manual is *almost entirely* copied, word-for-word, from the Guide.

26. The Romney Manual is a derivative work prepared based upon the Guide.

27. Romney has also used the Guide to prepare a similar derivative work—another manual—for Phenom (the "Phenom Manual"), which uses the Phenom Manual in and around Baltimore, Maryland.

28. Defendants are wrongfully reproducing the Guide, distributing the Guide, and preparing derivative works based upon the Guide, all to compete directly with Moxie, in the DFW area, steal Moxie's customers, and cause damage to Moxie.

29. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2004.

30. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2005.

31. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2006.

32. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2007.

33. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2008.

34. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2009.

35. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2010.

36. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2011.

37. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2012.

38. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2013.

39. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2014.

40. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2015.

41. Defendants reproduced the Guide, distributed the Guide, or prepared a derivative work based upon the Guide in 2016.

42. Defendants have committed these acts knowingly and intentionally, and have refused to cease their behavior despite being confronted by Moxie.

43. Defendants' continued infringement upon the Guide continues to cause substantial harm to Moxie. Every day that Defendants infringe the Guide is another day that Moxie cannot prohibit Defendants' illegal unfair competition with it. Defendants should be enjoined from infringing upon the Guide in any way, including any portions of the Guide copied to or incorporated into the Romney Manual or Phenom Manual, and Defendants should be ordered to return or destroy all copies of the Guide in their possession.

### COUNT I – COPYRIGHT INFRINGEMENT

44. Moxie hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

45. The Guide is fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated.

46. Moxie is a joint owner of the Guide and the copyright in the Guide, which is registered with the United States Copyright Office.

47. Defendants infringed Moxie's copyright in the Guide by preparing derivative works based upon the Guide, and by reproducing and distributing copies of the Guide.

48. Defendants' infringement has been committed knowingly and willfully.

49. Moxie has been injured by Defendants' acts of infringement.

50. Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

51. As a result of Defendants' wrongful conduct, Moxie is entitled to each of the remedies specified by 17 U.S.C. § 504(b), including but not limited to, Moxie's actual damages and any additional profits of Defendants attributable to the infringement.

52. Moxie is entitled to an award of its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

53. Moxie is entitled to temporary and permanent injunctive relief to restrain and prevent additional acts of infringement as provided by 17 U.S.C. § 502(a).

54. Moxie is entitled to an order impounding all products produced by Defendants in violation of the exclusive rights in the Guide, including at least the Romney Manual and the Phenom Manual, during the pendency of this action, and a judgment ordering the destruction of such infringing products at the conclusion of this action, as specified in 17 U.S.C. § 503.

## COUNT II: REQUEST FOR INJUNCTIVE RELIEF

55. Moxie hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

56. Moxie is entitled to injunctive relief to enjoin Defendants' possession and reproduction of, distribution of, and preparation of derivative works based upon the Guide and the information contained therein.

57. *First*, Moxie has demonstrated a substantial likelihood of success on the merits. Defendants have infringed Moxie's copyright.

58. *Second*, Moxie will suffer irreparable injury if the injunction is not issued. Moxie has lost, and will continue to lose, potential customers to Defendants because Defendants are infringing Moxie's copyrighted Guide to induce customers to sign up for service with Defendants, rather than Moxie.

59. *Third*, any harm to Defendants' legitimate interests is substantially outweighed by the harm to Moxie. Defendants do not have any legitimate interests in the Guide or its contents. Furthermore, Moxie does not ask that Defendants be enjoined from competing at all—simply that Defendants not be allowed to infringe Moxie's copyrighted work to do so.

60. *Fourth*, granting an injunction will not disserve the public interest. To the contrary, granting the injunction to protect Moxie's copyrights is the only way to serve the public's interest in legitimate business competition and in protecting copyrighted work.

61. For these reasons, pursuant to Federal Rule of Civil Procedure 65, Moxie requests that the Court enter a temporary restraining order that shall be effective for fourteen days, enjoining Defendants and their agents, servants, employees, and any persons or entities acting in concern or participation with Defendants, from possessing or using the Romney Manual, the Phenom Manual, and/or further infringing upon Moxie's Guide and/or any information contained therein.

62. Moxie further requests that the Court set its application for a preliminary injunction for hearing no more than fourteen days after entry of the temporary restraining order and, upon conclusion of the hearing, enter a preliminary injunction that shall remain in force for the duration of this lawsuit and which shall enjoin Defendants and their agents, servants, employees, and any persons or entities acting in concern or participation with Defendants, from possessing or using the Romney Manual, the Phenom Manual, and/or further infringing upon Moxie's Guide and/or any information contained therein.

63. Moxie finally requests that upon a final hearing, the Court enter a permanent injunction that shall enjoin Defendants and their agents, servants, employees, and any persons or entities acting in concern or participation with Defendants, from possessing or using the Romney

Manual, the Phenom Manual, and/or further infringing upon Moxie's Guide and/or any information contained therein.

64. Moxie is willing to post a bond.

## REQUEST FOR JURY TRIAL

65. Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Moxie demands a trial by jury.

## PRAYER

For these reasons, Moxie requests that the Court award the following relief against Defendants:

1. Award Moxie the damages requested above, including actual and punitive/exemplary damages;

2. Issue an order impounding all products produced by Defendants in violation of the exclusive rights in the Guide, including at least the Romney Manual and the Phenom Manual, during the pendency of this action, and a judgment ordering the destruction of such infringing products at the conclusion of this action, as specified in 17 U.S.C. § 503;

3. Issue an order for the seizure of the Romney Manual and the Phenom Manual, and any other manual, guide, or other material that copies and/or incorporates information from the Guide, as specified in 18 U.S.C. § 1836(b)(2)(A);

4. Enter a temporary restraining order, as requested above;

5. Set Moxie's application for preliminary injunction for hearing within fourteen days after issuance of the temporary restraining order;

6. Upon final hearing, enter a permanent injunction, as requested above;

7. Award Moxie its reasonable and necessary attorneys' fees and court costs; and

8. For an award of prejudgment and post-judgment interest on all sums awarded; and for such other and further relief as the court may deem just, equitable and appropriate; and

9. Grant all such other and further relief at law or in equity that the Court may deem just and proper.

DATED: September 29, 2016          Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Jeremy A. Fielding
Texas Bar No. 24040895
jfielding@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24031515
cschwegmann@lynnllp.com
Stephen Cole
Texas Bar No. 24078358
scole@lynnllp.com
**LYNN PINKER COX & HURST, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800  Telephone
(214) 981-3839  Facsimile

**ATTORNEYS FOR PLAINTIFF**

4813-9650-0792, v. 1